**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

LUIS VENTURA, on behalf of himself and others similarly situated,

Plaintiff,

-against-

MICHAEL MIZHIRITSKY, PETER L/N/U, FERNANDO ZAVALA, FIRST CLASS CAR CARE MERRICK ROAD INC., LPMM HOLDINGS LLC, and LPMM RAINBOW CAR WASH LLC,

Defendants.

**Case No.:**

**COMPLAINT**

**FLSA COLLECTIVE ACTION**
**RULE 23 CLASS ACTION**

**Jury Trial Demanded**

Plaintiff LUIS VENTURA ("LUIS") on behalf of himself and others similarly situated current and former and current employees of Defendants, and those who elect to opt into this action (the "FLSA Collective Plaintiffs"), complaining of the Defendants MICHAEL MIZHIRITSKY ("MIZHIRITSKY"), PETER L/N/U ("PETER"), FERNANDO ZAVALA ("FERNANDO"), FIRST CLASS CAR CARE MERRICK ROAD INC. ("FIRST CLASS"), LPMM RAINBOW CAR WASH LLC ("LPMM"), LPMM HOLDINGS LLC ("LPMM HOLDINGS") and LMM RAINBOW CAR WASH LLC ("LMM")(LPMM, LPMM HOLDINGS and LMM together as the "MM entities")(all defendants "Defendants"), herein by their attorneys, MONTEIRO & FISHMAN LLP, upon information and belief, and at all times hereinafter mentioned, allege as follows:

## NATURE OF THE ACTION

1.      Plaintiff alleges on behalf of himself, the Class, and the FLSA Collective Plaintiffs, that they are entitled to, under 29 U.S.C. § 201 *et seq.* ("FLSA"), *inter alia*, from Defendants: (i) unpaid wages for overtime work performed, (i) liquidated damages, (iii) attorneys' fees, (iv) interest, and (v) all costs and disbursements associated with this action.

2.      Plaintiff further alleges, *inter alia*, that they are entitled to, under New York Labor

Law, Art. 6, §§ 190 *et seq.* and Art. 19, §§ 650 *et seq.*, and N.Y. Comp. Codes R. & Regs. Tit.

12, § 142 (collectively "NYLL") from Defendants: (i) unpaid wages for overtime work performed;

(ii) unpaid spread of hours wages for each day Plaintiffs worked ten or more hours; (iii) unpaid

minimum wages; (iv) liquidated damages for failure to pay overtime premium and spread of hours

pay; (v) liquidated damages for failure to furnish Plaintiff a notice and acknowledgment at the time

of hiring; (vi) attorneys' fees; (vii) interest; (viii) damages for falsely filing tax returns; and (ix) all

costs and disbursements associated with this action.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1337 due and

over the New York state law claims pursuant to 28 U.S.C. § 1367.

4.      This Court has also jurisdiction of all the claims herein under FLSA at 29 USC

§216(b) and 28 USC § 1331.

5.      Venue is proper as Defendants conduct business in Nassau County, the wrongs

complained of herein occurred in Nassau County and under 28 U.S.C. § 1391.

## PARTIES

*Plaintiff*

6.      Plaintiff resides in NASSAU County, New York.

*Defendants*

7.      Defendants operate a car wash, car maintenance, and detailing center located 229

East Merrick Road, Valley Stream, NY 11580.

8.      LPMM has a N.Y. Department of State No. 4599589 and lists its address at 66

Hayloft Lane, Roslyn Heights, NY 11577.

9.      LPMM HOLDINGS LLC. has a N.Y. Department of State No. 5844320 and lists its

address at 66 Hayloft Lane, Roslyn Heights, NY 11577.

10.     The LMM operates under N.Y. Department of State No. 5457545 and lists its

address at 66 Hayloft Lane, Roslyn Heights, NY 11577.

11.    Defendants operate the website "firstclasswash.com".

12.    MIZHIRITSKY resides at one or more of the following: 66 Hayloft Lane, Roslyn Heights, NY 11577; 67 Short Way, Roslyn Heights, NY 11577; 8 Marion Street, Greenvale, NY 11548; 130 E. 67th St., Unit 1C, NY, NY 11065; 400 East 70th Street, Unit 1503, NY, NY 10021; 345 East 80th St., Suite 15A, NY, NY 100; and 2332 East 73rd Street Brooklyn NY 11234.

13.    MIZHIRITSKY is a principal of the MM Entities.

14.    MIZHIRITSKY is a manager of the MM Entities.

15.    Upon information and belief, MIZHIRITSKY is: the President, Chief Executive Officer or a corporate officer of the MM Entities, owns, is a majority shareholder, an agent of, manager of, has active control of the MM Entities, has operational control of the MM Entities, sets the weekly work-hours of the employees, has the power to establish the wages of the employees of the MM Entities, implemented and supervised the wage and hour practices and policies relating to employees, controlled significant business functions of the MM Entities, determined employee salaries, made hiring decisions, maintains the employee records of the MM Entities., directed the managers and employees of the MM Entities as to duties and tasks of the employees thereof, acts directly and indirectly for and in the interest of the MM Entities. and hires and fires employees thereof.

16.    MIZHIRITSKY exercises sufficient control of the operations of the Plaintiffs so as to be an "employer" of Plaintiffs under FLSA 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

17.    PETER L/N/U is a principal of the FIRST CLASS.

18.    PETER L/N/U is a manager of the FIRST CLASS.

19.    Upon information and belief, PETER L/N/U is: the President, Chief Executive Officer or a corporate officer of FIRST CLASS, owns, is a majority shareholder, an agent of, manager of,

has active control of FIRST CLASS, has operational control of FIRST CLASS, sets the weekly work-hours of the employees, has the power to establish the wages of the employees of FIRST CLASS, implemented and supervised the wage and hour practices and policies relating to employees, controlled significant business functions of FIRST CLASS, determined employee salaries, made hiring decisions, maintains the employee records of FIRST CLASS, directed the managers and employees of FIRST CLASS as to duties and tasks of the employees thereof, acts directly and indirectly for and in the interest of FIRST CLASS and hires and fires employees thereof.

20.     PETER L/N/U exercises sufficient control of the operations of the Plaintiffs so as to be an "employer" of Plaintiffs under FLSA 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

21.     FERNANDO is a principal of FIRST CLASS and/or the MM Entities.

22.     FERNANDO  is a manager of FIRST CLASS and/or the MM Entities.

23.     Upon information and belief, FERNANDO  is: the President, Chief Executive Officer or a corporate officer of FIRST CLASS and/or the MM Entities, owns, is a majority shareholder, an agent of, manager of, has active control of FIRST CLASS and/or the MM Entities,  has operational control of FIRST CLASS and/or the MM Entities, sets the weekly work-hours of the employees, has the power to establish the wages of the employees of FIRST CLASS and/or the MM Entities, implemented and supervised the wage and hour practices and policies relating to employees, controlled significant business functions of FIRST CLASS and/or the MM Entities, determined employee salaries, made hiring decisions, maintains the employee records of FIRST CLASS and/or the MM Entities, directed the managers and employees of FIRST CLASS and/or the MM Entities as to duties and tasks of the employees thereof, acts directly and indirectly for and in the interest of FIRST CLASS and/or the MM Entities and hires and fires employees thereof.

24.     FERNANDO exercises sufficient control of the operations of the Plaintiffs so as to be an "employer" of Plaintiffs under FLSA 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

25.     Defendants exercise sufficient control of the operations of the Plaintiff so as to be an "employer" of Plaintiffs under FLSA 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

26.     At all relevant times, Defendants employed more than two persons and have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

27.     Upon information and belief, during each of the three years preceding the date of this complaint, Defendants have had gross revenues in excess of $500,000 per year.

28.     At all relevant times, Plaintiffs, in their work for Defendants, have handled and worked on goods or materials that have been moved in, or produced, for commerce.

29.     At all relevant times, the were each an "enterprise engaged in commerce or in the production of goods for commerce" under FLSA 29 U.S.C. § 203.

30.     Upon information and belief, MIZHIRITSKY as the owner and principal of the MM entities, which owned and operated a car wash known as Rainbow Car wash located at 229 East Merrick Road, Valley Stream.    Upon information and belief, around July/August of 2023, MIZHIRITSKY sold the car wash, to PETER L/N/U and FIRST CLASS.

31.     FIRST CLASS and the MM Entities are currently engaged in substantially the same work, in substantially the same working conditions, operate under the same location, use the same equipment and work force, operates under the same d/b/a name, utilizes the same logo and programs, have same exact website/website design, have substantially the same body of customers, and are otherwise liable as the successors, successors in business, successors in products or services, or a portion thereof, or a party to a merger or acquisition, and are its successor during all relevant times under N.Y. Lab. Law § 219, amongst other laws, and is otherwise a successor thereof, under all applicable law and liable to Plaintiffs' thereof.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32.     Plaintiff brings these claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. 216(b), on behalf of all non-exempt persons employed by Defendants at any New York location on or after the date that is three years before the filing of the Complaint in this case as defined herein ("Collective Plaintiffs").

33.     At all relevant times, Plaintiff and the other Collective Plaintiffs are, and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them one and one half times their hourly rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other Collective Plaintiffs.

34.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 16(b) of the FLSA, 29 U.S.C. 216(B). The Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the Collective Plaintiffs via first class mail to the last address known to Defendants.

35.     The named Plaintiff is representative of those other workers and is acting on behalf of Defendants' current and former employees' interest, as well as his own interest in bringing this action.

## CLASS ACTION ALLEGATIONS

36.     Plaintiffs bring their claims pursuant to CPLR §§ 901 and 902, on behalf of all non-exempt persons employed by Defendants at any New York location on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

37.     All said persons, including Plaintiffs, are referred to herein as the "Class" or "The

Class members." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under the CPLR.

38.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than twenty (20) members of the Class.

39.    Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

40.    Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

41.    A class action is superior to other available methods for the fair and efficient

adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. In addition, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

42.     Upon information and belief, Defendants and other employers throughout the state violated the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree

of anonymity which allows for the vindication of their rights while eliminating or reducing these

risks.

43.     There are questions of law and fact common to the Class which predominate over

any questions affecting only individual class members, including:

a)      Whether Plaintiffs and the Class are non-exempt from entitlement to overtime compensation for all hours worked in excess of 40 hours per week;

b)      What policies, practices and procedures Defendants implemented regarding payment of overtime compensation, spread of hours, and breaks and meal periods;

c)      Whether Defendants failed to pay Plaintiffs and the Class overtime compensation for all hours worked in excess of forty (40) hours per week within the meaning of the NYLL Article 19 § 650 *et seq.* and the supporting NYDOL Regs., 12 N.Y.C.R.R. Part 142;

d)      Whether Defendants failed to pay Plaintiffs and the Class spread of hours pay by failing to pay an additional hour's pay when they worked more than ten (10) hours in a day, as provided by 12 N.Y.C.R.R. sect. 142-2.4;

e)      Whether Defendants failed to provide Plaintiffs and the Class breaks and meal periods in violation of NYLL sect. 162(4);

f)      Whether Defendants wrongfully interfered with the rights of Plaintiffs and the Class to immediate possession of earned wages and, thus, engaged in unlawful conversion of their compensation;

g)      The nature and extent of the Class-wide injury and the appropriate measure of damages for the Class; and

h)      Whether Defendants failure to pay Plaintiffs and overtime compensation for all hours worked in excess of forty (40) hours per week, spread of hours pay was done willfully or with reckless disregard for the applicable federal and state wage and hours laws, and whether Defendants' failure to afford proper meal and break period was done willfully or with reckless disregard for the applicable federal and state wage and hours laws.

## **STATEMENT OF FACTS**

44.     Defendants were in charge of hiring Plaintiffs.

45.     Defendants decided the job duties that Plaintiffs perform.

46.    Defendants determined Plaintiffs' hourly rate of pay.

47.    Defendants determined Plaintiffs' work schedule.

48.    Defendants determined the number of hours that Plaintiffs worked.

49.    Defendants managed Plaintiffs' employment, including the amount of overtime that they worked each workweek.

50.    Defendants supervised and controlled the conditions of Plaintiffs' employment.

51.    Defendants maintained Plaintiffs' employment records.

52.    Defendants have dictated, controlled, and ratified the wage and hour and related employee compensation policies.

53.    Defendants were aware of Plaintiffs' work hours but failed to pay Plaintiffs the full and proper amount of wages they were entitled to each week.

54.    MIZHIRITSKY,  PETER L/N/U, LP, and FERNANDO participated, controlled, directed, and had/has operational control of the day-to-day operations of FIRST CLASS and the MM Entities.

55.    Defendants did not accurately record or report the hours Plaintiffs worked and the paystubs they provided to Plaintiffs are false.

56.    Defendants applied a tip credit against the wages of Plaintiffs but failed to adequately notice Plaintiffs of the "tip credit", thereby invalidating any "tip credit" applied against wages. *See* NYLL §196-d, NYLL §195; 29 USCA §§ 206(a); §203(M) and (2).

57.    LUIS was employed by Defendants from January 2023 to December 2024.  His duties included intaking, drying, and cleaning vehicles.  He generally worked five days a week, generally working about 60 hours a week.

58.    LUIS was paid about in check, cash and he also received tips.  In 2024, LUIS was paid $16.00 per hour.

59.     The hours depicted on LUIS's paystubs were false, as they failed to account for all the time he worked or wages paid.  He was paid by those hours depicted on his pay stubs by check, typically between 25-45 hours a week, with the remaining hours he worked paid by Defendants in cash – with no overtime premium.

60.     The cash portions of Plaintiff's pay did not contain withholds for Federal Income Tax, N.Y.S. Income Tax, Social Security, and Medicare and were not included in their wages reported to the IRS under Form W-2 by Defendants.

61.     With respect to the cash paid to Plaintiffs, Defendants failed to provide a pay statement containing gross and net wages, itemized deductions, and/or itemized allowances. Accordingly, upon information and belief, Defendants failed to properly pay the payroll taxes for those cash payments to Plaintiffs like Social Security, Medicare, Federal Unemployment (FUTA), N.Y.S. Unemployment Insurance (SUI), N.Y. Reemployment, N.Y. Metropolitan Transportation Mobility Tax (MCTMT), and N.Y. Disability Benefits (SDI).

62.     Plaintiffs did not supervise any other employee and had no supervisory authority whatsoever over any other person.

63.     While Plaintiffs and Class Members, worked in excess of forty hours a week, Defendants willfully failed to pay them minimum wage and overtime compensation for the overtime hours worked.

64.     Also, Plaintiffs and Class Members, typically worked more than ten hours each day during the week, yet Defendants willfully failed to pay them spread of hours wages.

65.     When Defendants hired Plaintiffs and Class Members, they never furnished them with a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer

in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

66.    Defendants never paid Plaintiffs and Class Members, wages with a pay statement containing the following information: employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions, and/or itemized allowances.

67.    Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights, and employee rights by the NYLL.

68.    During all relevant times, Defendants failed to maintain accurate and sufficient records of those hours Plaintiffs worked and those wages paid to them.

69.    Upon information and belief, Defendants paid Plaintiffs for most of their hours at straight pay but failed to pay Plaintiffs for all hours worked.

70.    Defendants knew that nonpayment of overtime would economically injure Plaintiffs, the FLSA Collective Plaintiffs and members of the Class, and violated State and Federal laws.

71.    N.Y. Lab. Law 196-d and 29 CFR § 531.52 prohibit the retention of an employees' tips.

72.    29 U.S.C. ¶ 203(m) prohibits employers, managers, and/or supervisors from keeping employee tips, regardless of whether the employer takes the tip credit or not.

73.    Defendants unlawfully withheld, retained, pooled, split, and/or shared portions of gratuities provided to employees.

74.    Any tips provided by Defendants' clients were improperly shared, split, pooled, or retained by the employer, managers, and/or supervisors.

75.    Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of applicable New York State law by failing to maintain proper and complete records of service charges in the nature of gratuities, as required under 12 NYCRR § 146-2.

76.    By the foregoing reasons, Defendants are liable to Plaintiff, and the Class, in an amount to be determined at trial, plus interest, attorneys' fees and costs, and liquidated damages.

77.    Under 12 NYCRR §§ 146.14, 146.15, 146.16, 146.17, and N.Y. Lab. Law §§ 196 and 198 an employer is prohibited from tip pooling or sharing tips with either management.

78.    Under 29 C.F.R. § 516: (a) With respect to each tipped employee whose wages are determined pursuant to section 3(m) of the Act, the employer shall maintain and preserve payroll or other records containing all the information and data required in § 516.2(a).

79.    Gratuities provided by Defendants' patrons to Plaintiffs and other members of the putative class action constitute "wages" as that term is defined under Article 6 of the Labor Law, specifically including but not limited to Labor Law §§ 193, 196-d, 198(3).

80.    Defendants unlawfully withheld, and retained, portions of gratuities provided to Plaintiffs, and other members of the putative class action, and/or improperly pooled, shared, and/or split those gratuities.

81.    Plaintiffs were not allowed to keep all of the tips they received.

82.    Upon information and belief, Defendants' violations were willful.

83.    By the foregoing reasons, Defendants have violated Labor Law § 190 *et seq*. and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

84.    Defendants committed the following acts against Plaintiffs and members of the Class knowingly, intentionally and willfully.

**FIRST CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq*.**
**Brought by Plaintiffs on Behalf of Themselves,**
**The FLSA Collective Plaintiffs, and the Class)**

85.     Plaintiff, on behalf of himself and the Class, reallege and incorporate by reference all previous paragraphs.

86.     Defendants never provided Plaintiffs with notice that any tips would be used as a credit against wages.

87.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for those hours worked in excess of forty hours per workweek.

88.     At all relevant times, Defendants has and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiffs and Class Plaintiffs at one and one half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

89.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class at the required overtime rate of one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

90.     Plaintiffs, on behalf of themselves and the Class seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(New York Overtime Violations)**
**(New York Minimum Wage Act, N.Y. Stat. §§ 650 et seq.,**
**N.Y. Comp. Codes R. & Regs. Tit. 12, § 142 – 2.2 and 146-1.4**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

91.     Plaintiff, on behalf of himself and the Class, and the Class Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

92.     Defendants willfully violated Plaintiff's rights by failing to pay him, and the Class, overtime compensation at a rate of not less than one-half times his hourly wage for each hour worked in excess of forty hours per workweek, violating 12 N.Y.C.R.R. §§ 146-1.4, 142- 2.2.

93.     As a result of Defendant's willful and unlawful conduct, Plaintiffs and the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and- post judgment interest, costs and attorney's fees, as provided by N.Y. Lab. Law § 663.

**THIRD CLAIM FOR RELIEF**
**(New York Notice Requirements, including N.Y. Lab. L. §§195 and 198)**
**(Brought by Plaintiffs on Behalf of Themselves, Collective Plaintiffs and the Class)**

94.     Plaintiff, on behalf of himself and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

95.     Defendants failed to furnish to Plaintiff at the time of hiring a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of N.Y. Lab. Law § 195(1) and 12 N.Y.C.C.R. § 146-2.2.

96.     The written notices serve "as a means of apprising employees of their rights and of

their employer's obligations towards them, empowering employees to advocate for themselves." Denying Plaintiffs such notice impinged on Plaintiffs' interests in not only in being paid what is owed, but also in being able to advocate for the receipt of proper pay.

97.    Due to Defendants' violating N.Y. Lab. Law § 195(1), Plaintiff, and the Class, are entitled to recover from Defendants liquidated damages, up to a maximum of $5,000.00 per Plaintiff, reasonable attorney's fees, and costs and disbursements of this action under N.Y. Lab. Law § 198(1-b).

### FOURTH  CLAIM FOR RELIEF
**(New York Wage Statement Requirements, including  N.Y.
Lab. L. §195 and N.Y. Comp. Code R. & Regs. 12, § 146-2.3)
(Brought by Plaintiffs on Behalf of Themselves, Collective Plaintiffs and the Class)**

98.    Plaintiff, on behalf of himself and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

99.    Defendants paid  Plaintiff, and the Class,  wages, either by cash, or with a pay stub containing the following missing and/or willfully incorrect information: employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions, and/or itemized allowances, violating N.Y. Lab. Law § 195(3) and 12 N.Y.C.C.R. § 146-2.3.

100.    Additionally, Defendants are required to keep records for six years, which must include accurate records of employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions and/or itemized allowances.

101.    The wage statements  serve "as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves." Denying Plaintiffs such notice impinged on Plaintiffs' interests in not only in being paid what is

owed, but also in being able to advocate for the receipt of proper pay.

102.    Due to Defendants violating N.Y. Lab. Law § 195(3), Plaintiffs are entitled to recover from Defendants liquidated damages, up to a maximum of $5,000.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to N.Y. Lab. Law § 198(1-d).

**FIFTH CLAIM FOR RELIEF**
**(New York State Minimum Wage Act)**
**(New York Labor Law §§ 650 et seq. Brought by**
**Plaintiffs on Behalf of Themselves and the Class)**

103.    Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

104.    At all relevant times, Defendants employed Plaintiff within the meaning of N.Y. Lab. Law §§ 2 and 651, and 12 N.Y.C.R.R. 146-3.2.

105.    Defendants knowingly paid the Plaintiff less than the New York State minimum wage.

106.    Defendants did not pay Plaintiff the New York minimum wage for all hours worked.

107.    Defendants' failure to pay Plaintiff the New York minimum wage was willful.

108.    As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorney's fees, as provided by N.Y. Lab. Law §663.

109.    Plaintiff, on behalf of  himself, and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

**SIXTH CLAIM FOR RELIEF**
**(New York Spread of Hours Provisions)**
**(N.Y. Lab. L. § 650 *et seq*., and N.Y. Comp. Code R. & Regs. Tit. 12, § 142-2.4(a),**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

110.    Plaintiff, on behalf of himself and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

111.    Plaintiff and the Class regularly had workdays that lasted more than ten (10) hours.

112.    Defendants willfully and intentionally failed to compensate Plaintiff and the Class one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, violating New York's spread of hours compensation regulations.

113.    As a result of Defendants' willful and unlawful conduct, Plaintiff and the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**SEVENTH CLAIM FOR RELIEF**
**(New York Lab. Law Retention of Tips,**
**Improper Tip Pool, Improper Tip Notice)**

114.    Plaintiff, on behalf of himself and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

115.    Under New York law, an employer may not retain any portion of an employee's wages for itself, whether or not it chooses to apply a tip credit. *See* N.Y. Labor Law §§ 196–d, 652(4); N.Y. Comp. Codes R. & Regs. tit. 12, § 137–1.4.

116.    Under 12 NYCRR §§ 146.14, 146.15, 146.16, and 146.17, prohibits an employer from tip pooling or sharing with either management or with other employees.

117.    An employer must have informed the employee of the tip credit provisions, and the employee must either have retained all tips received or participated in a permissible tip pool.

118.    The employer shall maintain and preserve payroll or other records containing all the information and data required.

119.    Additionally, employees must be noticed of their hourly rate and any applicable tip credit before it may be applied.

120.    Gratuities provided by Defendants' patrons to Plaintiffs and other members of the putative class action constitute "wages" as that term is defined under Article 6 of the Labor Law,

specifically including but not limited to Labor Law §§ 193, 196-d, 198(3).

121.    Defendants claim a tip credit against the statutory minimum wage, but did not record the amount that each car wash attendant received in tips as a separate item on their wage statements as required by NYCRR§142-2.5(b).

122.    Defendants did not provide car wash attendants a statement with their wages indicating the amount of tips claimed by Defendants toward the minimum wage as required by NYCRR§142-2.7.

123.    Plaintiffs do not sign a statement each pay period regarding the amount of tips they receive as required by NYCRR §142-2.10(b).

124.    Defendants did not provide a statement in writing to each Plaintiff informing them that the amount of tips they received would be counted toward the minimum wage as required by NYCRR §142-2.7.

125.    Defendants did not maintain a record of the amount of tips received by Plaintiffs.

126.    Defendants unlawfully withheld, and personally retained, portions of gratuities provided to Plaintiffs, and other members of the putative class action, improperly pooled tips, and improperly noticed Plaintiffs of such tip credit.

127.    Plaintiffs were not allowed to keep all of the tips they received.

128.    Upon information and belief, Defendants' violations were willful.

129.    By the foregoing reasons, Defendants have violated Labor Law § 190 *et seq*. and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

130.    Gratuities provided by Defendants' patrons to Plaintiffs and other members of the putative class action constitute "wages" as that term is defined under Article 6 of the Labor Law, specifically including but not limited to Labor Law §§ 193, 196-d, 198(3).

131.   Defendants unlawfully withheld, and personally retained, portions of gratuities provided to Plaintiffs, and other members of the putative class action, improperly pooled tips, and improperly noticed Plaintiffs of such tip credit.

132.   Upon information and belief, Defendants' violations were willful.

133.   By the foregoing reasons, Defendants have violated Labor Law § 190 *et seq*. and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## EIGHTH CLAIM FOR RELIEF
### (Failure to Provide Proper Meal Periods)

134.   Plaintiff, on behalf of himself and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

135.   Plaintiff worked shifts of more than six (6) hours that extended over the noon day meal period. Additionally, Plaintiff, upon information and belief, began work prior to 11:00 am and worked past 7:00 pm.

136.   However, Defendants failed to provide Plaintiff with at least two (2) separate meal periods, one between 11:00 a.m. and 2:00 pm and the second between 5:00 pm and 7:00 pm, in violation of NYLL §§ 162(2) & (3).

137.   Upon information and belief, the New York Commissioner of Labor did not issue authority to Defendants to provide shorter meal periods, or no meal periods at all, to Plaintiffs pursuant to NYLL § 162(5).

138.   By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4 and are liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## NINTH CLAIM FOR RELIEF
### (Civil Damages for Fraudulent Filing of Returns)
### (U.S. Code § 7434)

139.   Plaintiff, on behalf of himself and the Class, reallege and incorporate by reference all

preceding paragraphs as if they were set forth again herein.

140.    Defendants paid Plaintiff, in cash, "off the books" without a check or paystub.  Such "off the book" cash payments failed to mandatorily withhold for Federal Income Tax, N.Y.S. Income Tax, Social Security, and Medicare, and Defendants failed to properly pay the payroll taxes (employer expenses) for those cash payments like Social Security, Medicare, Federal Unemployment (FUTA), N.Y.S. Unemployment Insurance (SUI), N.Y. Reemployment, N.Y. Metropolitan Transportation, Mobility Tax (MCTMT), and N.Y. Disability Benefits (SDI).

141.    Defendants are required to report all wages paid to employees to the IRS, and furnish each employee an IRS Form W-2 indicating those wages Defendant reported to the IRS for that employee.  Defendants are then required to file Form W-3 (Transmittal of Income and Tax Statements) which list the employee information provided in Form W-2. The W-3 is initially filed with the Social Security Administration, who forwards it to the IRS.  The IRS verifies the accuracy of the W-3 with the W-3's and provides a reconciliation of the quarterly tax payments for the year.

142.    Defendants are also required to file their quarterly taxes with NY State (NYS-45 or NYS-45-ATT) and the IRS (Form 941) indicating all employee wages paid.  Defendants are required to list each employee and indicate their wages paid on their yearly tax returns – those wages listed must align with the W-2's issued.

143.    The wages Defendants paid "off the book" in cash to Plaintiff were not included in the wages identified in the IRS Tax Form W-2.  Defendants knew they made cash payments to Plaintiff and further knew those payments should have been included on the W-2's issued to Plaintiff and reflected on Defendants income tax returns. Accordingly, Defendants filed income tax returns, and those W-2's and W-3's filed thereto, they knew to be false, as those returns contained false statements.

144.    Accordingly, Defendants have fraudulently and willfully filed income tax returns for

those years that Plaintiff were employed by them and are therefore liable to Plaintiff thereof.

## TENTH CLAIM FOR RELIEF
### (Successor Liability)

145.    Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

146.    Upon information and belief, FIRST CLASS and the MM Entities are engaged in substantially the same work, in substantially the same working conditions, utilized the same logo and programs, utilized the same address and equipment and workforce, have substantially the same body of customers, and are otherwise liable as the successors, successors in business, successors in products or services, or a portion thereof, or a party to a merger or acquisition, to, and the MM Entities and FIRST CLASS or are otherwise an "employer" or successor during all relevant times under N.Y. Lab. Law § 219, amongst others.

147.    By the foregoing reasons, Defendants are liable to Plaintiffs for all amounts as the successors, in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## DEMAND FOR TRIAL BY JURY

Plaintiff, and the Class, demand a trial by jury on all issues so triable as a matter of right.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays this Court grant as relief the following:

a.  To designate this action as a class action and/or a collective class, and appoint the plaintiff and the plaintiffs' attorneys to represent the class members;

b.  Declaring that the practices complained of herein are unlawful under the FLSA and the N.Y. Lab. Law;

c.  Awarding all unpaid compensation due under the FLSA and NYLL;

d.  Awarding Plaintiff liquidated damages due to Defendants' willful failure to pay minimum wage and overtime compensation, under the FLSA;

e.  Awarding Plaintiff an award of unpaid minimum wage, overtime, and spread of hours, under the N.Y. Lab. Law;

f.  Awarding Plaintiff liquidated damages due to Defendants' willful failure to pay minimum wage, overtime, and spread of hours under the N.Y. Lab. Law;

g.  Awarding Plaintiff liquidated damages as a result of Defendants' failure to furnish a notice at the time of hiring under the N.Y. Lab. Law;

h.  Awarding Plaintiff liquidated damages as a result of Defendants' failure to furnish correct statements with each payment of wages under the N.Y. Lab. Law;

i.  Awarding Plaintiffs damages for Defendants filing of false tax returns;

j.  Awarding Plaintiffs damages for Defendants failure to provide meal periods;

k.  Finding Defendants unlawful retention of tips, improper tip pool and improper tip notice illegal and awarding all appropriate damages thereof, including not applying any tip credit against any wages received by Plaintiffs;

l.  Awarding Plaintiffs pre-judgment interest;

m.  Awarding Plaintiffs post-judgment interest;

n.  Awarding Plaintiffs attorneys fees and costs; and

o.  Granting such other and further relief as this Court deems just and proper.

Dated:  February 20, 2025

By:_____/s/_____
    Marcus Monteiro
    *mmonteiro@mflawny.com*
    **MONTEIRO & FISHMAN LLP**
    91 N. Franklin Street, Suite 108
    Hempstead, New York 11550
    Telephone: (516) 280.4600
    Facsimile: (516) 280.4530
    Attorneys for Plaintiff, Collective Plaintiffs
    and Class Plaintiffs